## SUSAN A. GORTON vs. ANNA M. JOHNSON, EX.

### PROVIDENCE—JUNE 26, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Services as housekeeper.    Claim against decedent's estate.*

In an action for services in keeping house for defendant's testator, the evidence showed that testator lived in his own house, taking care of the house himself.   He took his meals at plaintiff's boarding-house, paying her a certain sum, and allowed her the use of the boarding-house, which belonged to him, without rent.   Testator would sometimes bring friends to meals, and at other times plaintiff cared for his horse.   Plaintiff never kept any memorandum of her services, nor presented any bill for same to testator, and after his marriage she paid him rent for the house she occupied.   She testified that testator promised to remunerate her for said services by giving her a house, and that it was not until after his death that she thought of charging for the people who came with testator to meals :—

*Held*, that there was no evidence to sustain the verdict in favor of plaintiff for services rendered in keeping house for testator.

(2)  *Bills of Particulars.*

The object of a bill of particulars is to give defendant notice of the nature and extent of the claim or charge against him with greater particularity than is required by the rules of pleading, so that he may be able to properly defend himself against such claim.   After furnishing such bill, the plaintiff is bound by it.   The items must be clearly and distinctly proved, or no verdict can be based thereon.

ASSUMPSIT.   The facts appear in the opinion.   Heard on petition of defendant for a new trial.   Petition granted unless plaintiff enter a *remittitur.*

TILLINGHAST, J.   This is assumpsit for services rendered and money paid out, according to the plaintiff's bill of particulars filed in the case, as follows :

"James F. Johnson to Susan A. Gorton,  Dr.

(1)  To services as housekeeper from Jan. 25th, 1887,
        to Jan. 19th, 1893, 311 weeks, at $4.00 per
        week............................................$1,244 00
    To money paid................................  500 00

To services as nurse in July, 1888, 4 weeks at
$10.00............................................	40  00

" services as nurse from Dec. 1, 1891, to April,
1892, 16 weeks, at $10.00 per week.........	160  00

$1,944  00 "

At the trial of the case a verdict was rendered for the plaintiff for $650. The jury found specially, as follows:

"1. That there is due to the plaintiff, for housekeeping, five hundred dollars ($500.00).

"2. That there is due to the plaintiff, for nursing, one hundred and fifty dollars ($150.00)."

The defendant petitions for a new trial on the grounds (1) that she did not have a full, fair, and impartial trial; (2) because of error in the rulings of the court; and (3) because the verdict is against the law and the evidence.

There is no evidence to sustain the first special finding of the jury. The plaintiff's own testimony does not show that she ever rendered any services for said James F. Johnson in the capacity of housekeeper. On the contrary, it shows that the testator lived by himself, in his own house on Courtland street, Providence, during all the time covered by said bill of particulars; and the uncontradicted evidence offered in the case shows that he took care of the house himself. Indeed, the plaintiff does not claim that she ever did any housekeeping for him at his house on said street, or elsewhere. The evidence shows that he simply took his meals at the plaintiff's boarding-house, that he paid her three dollars a month therefor for a very short time at first, in addition to giving her the rent of the house which she occupied, which house belonged to him, and that during the rest of the time—about six years—he paid her five dollars a month in addition to the house-rent.

It is admitted by the plaintiff that said Johnson paid his board during all of said time, and that nothing is now due on account thereof.

At the trial of the case the defendant objected to the testimony offered by plaintiff as to certain privileges afforded the testator at said boarding-house at his request, namely, that

he might bring his friends there, whenever he desired, to take their meals with him, he promising to remunerate her therefor, and for other services which she might render in making said boarding-house homelike for him and his friends, by giving her a house on Bridgham street belonging to him.

Said objection was based on the ground that such testimony did not tend to prove the first item in the bill of particulars. The court ruled the testimony in, and the defendant excepted.

(2) We think the ruling was erroneous. The object of a bill of particulars is to give the defendant notice of the nature and extent of the claim or charge against him with greater particularity than is required by the rules of pleading, so that he may be able to properly defend himself against such claim or charge. And after furnishing such a bill of particulars, of course the plaintiff is bound thereby. *Tourgee* v. *Rose*, 19 R. I. 432 ; 3 Ency. Pl. & Pr. 520 and 539.

The item in plaintiff's bill of particulars—"To services as housekeeper from January 25th, 1887, to January 19th, 1893, 311 weeks, at $4.00 per week, $1,244.00," is only open to one interpretation, namely—that during that time the plaintiff was employed by said James F. Johnson as his housekeeper ; that is, that she kept his house for him and rendered such services as are ordinarily rendered by a person who serves in that capacity. The proof, however, as already intimated, shows no such service. Instead of being housekeeper for said Johnson, she was housekeeping for herself during all of said six years. She kept a boarding-house, and he took his meals there. It is true, the plaintiff testifies that there was an agreement or understanding between her and said Johnson that she should make her house homelike to him and such of his friends as he might invite to take meals with him there, and that she complied with his wishes in this regard.

Amongst other things, she testifies that sometimes said Johnson would remain an hour or two after taking his meals and rest himself on the lounge ; and sometimes a friend of his, whom he had invited, as aforesaid, would also remain. She further testifies that she frequently made "*paste*" for him, to be used, as we infer, in connection with papering rooms in

various houses of his.    She also occasionally took care of and fed his horse, and when the horse's foot was lame she heated water to bathe it in.    Sometimes, at his request, she furnished him with preserves and other delicacies in connection with his meals, he being somewhat particular, according to her testimony, in regard to what he ate.    Other little services are enumerated by the plaintiff as having been rendered to him in connection with the furnishing of his meals.    It cannot be seriously contended, however, that any of these services can properly come under the head of "housekeeping" in a bill of particulars.    They were, in the main, evidently merely incidental to the furnishing of meals.    Moreover, it is to be observed that the testator regularly paid for his meals, according to agreement; that no charge was ever made by the plaintiff for any of the services for which she now sues; that no memorandum thereof was ever kept by her; that she never presented any bill to said Johnson for the same; and that after he got married, and ceased to take his meals with the plaintiff, she paid him rent for the house which she occupied, which belonged to him, down to the time of his death in December, 1895, nearly two years, without making any specific claim that he was indebted to her for any such services as she now sues for.    She does claim, however, that he repeatedly promised, in a general way, to remunerate her for said services by giving her a house, as aforesaid.    She took no steps, however, to enforce such agreement or to obtain remuneration for her alleged services until after his death.    Indeed, at the former trial she testified that it was not until after he died and left her without anything that the idea first occurred to her of making any charge for the people who came to her house with said Johnson at different times to meals.

That the bill of particulars was not intended to be relied on is apparent in that she offered no evidence whatsoever at the last trial in support of the item "To money paid, $500."    In this connection it is proper to say that bills of particulars cannot be sustained by drag-net evidence.    The items thereof should be clearly and distinctly proved, or else no verdict should be based thereon.    And this is particularly true in a.

case of this sort, where one of the contracting parties is dead and hence cannot be heard to give his version of the affair. Courts and juries should scan the evidence in such a case with special care, so as to prevent the estates of deceased persons from being unjustly mulcted in damages.

As to the last item in the bill of particulars, there is some evidence to sustain it. And therefore, while we cannot say that we are satisfied with the amount found by the jury therefor, yet it is not so clearly against the evidence as to warrant us in disturbing it.

There being no evidence, as already said, to sustain the first special finding of the jury, a new trial will be granted unless the plaintiff will enter a *remittitur* of $500 within ten days from the filing of this opinion, and take judgment for said sum of $150 under the second special finding of the jury.

Case remanded.

*F. P. Owen*, for plaintiff.

*Clark H. Johnson*, for defendant.